United States District Court
Eastern District of New York
-------------------------------------------
Janet Mascoll

           Plaintiff           CV 05 667 (Townes, J., Bloom, M.J.)

  - against -

Linda Strumpf, Esq., Hal Siegel
and Bank of America and
Subsidiaries

           Defendants
-------------------------------------------

# DEFENDANTS' STRUMPF AND SIEGEL
# MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

LINDA STRUMPF, ESQ.
Defendant Pro Se and
Attorney for Defendant Hal Siegel
Office and P.O. Address
111 John Street
Suite 800
New York, NY 10038
Tel: 212-566-6800
Fax: 212-566-6808



RECEIVED
NOV 3 0 2005
PRO SE OFFICE

# **TABLE OF CONTENTS**

|  | **Page** |
|---|---|
| Table of Authorities | ii |
| Statement of Facts | 1 |
| The Law<br>Point I<br>This Court This Court Lacks Subject Matter Jurisdiction<br>Pursuant to the *Rooker-Feldman* Doctrine,<br>As Set Forth by the Second Circuit | 3 |
| A. Plaintiff's Burden to Establish Subject Matter Jurisdiction | 3 |
| B. The Applicability of the *Rooker-Feldman* Doctrine | 3 |
| Point II<br>The Statute of Limitations Under the FDCPA<br>Expired in This Case | 7 |
| Point III<br>Ms. Mascoll's *General Business Law* Claims<br>Should Also Be Dismissed | 9 |
| Conclusion | 10 |

## TABLE OF AUTHORITIES

### Cases

| | |
|---|---|
| APWU v. Potter, 343 F.3d 619, 627 (2nd Cir., 2003) | 3 |
| Bildstein v. Mastercard International Incorporated, 329 F. Supp. 410, 413 (S.D.N.Y., 2004) | 9 |
| Bleich v. The Revenue Maximization Group, Inc., 233 F. Supp.2d 496, 500 (E.D.N.Y., 2002) | 6 |
| Heintz v. Jenkins, 514 U.S. 291, 15 S.Ct. 1489, 11491, 131 L.Ed. 2d 395 (1995) | 5 |
| Johnson v. NCB Collection Services, 799 F.Supp.1298 (D. Conn., 1992) | 9 |
| Kropelnicki v. Siegel, 290 F. 3d 118 (2nd Cir., 2002) | 4, 5, 6, 7 |
| Malik v. Meissner, 82 F. 3d 560,562 (2nd Cir., 1996) | 3 |
| Marakova v. United States, 201 F. 3d 110 (2nd Cir., 2000) | 3 |
| Naas v. Stolman, 130 F.3d 892, 893 (9th Cir., 1997) | 8-9 |
| Pieczenik v. Cambridge Antibody Tech. Grp., 2004 WL 111185000(S.D.N.Y., 2004) | 3 |
| Prade v. Jackson & Kelly, 941 F. Supp. 596, 600 (N.D. W. Va., 1996) | 8 |
| Varela v. Investors Insurance Holding Corp., 81 N.Y.S.2d 958, 961, 615 N.E.2d 218, 598 N.Y.S.2d 761 (1993) | 9 |

### Statutes

| | |
|---|---|
| 15 U.S.C. 1692g | 6 |
| 15 U.S.C. 1692 (k) (d) | 7-8 |
| General Business Law § 349 | 9 |
| General Business Law §§ 600- 602 | 8-9 |

The letter also contains the amount of the debt, the interest owed, and the total amount due (See Exhibit A). The law firm of Linda Strumpf never heard from Ms. Mascoll after sending that letter.

Thereafter, the Strumpf law firm prepared a summons and complaint (see Exhibit B), in State court, specifically, the Nassau County District Court, First District, which also referenced Bank of America, and forwarded it to a licensed process server for service. Ms. Mascoll admits that she was duly served with the summons and complaint in October of 2003. (See Par. 19 of the Complaint; and the affidavit of service - Exhibit C). Ms. Mascoll alleges that she contacted the Strumpf law firm thereafter to advise them that the debt was "fraudulent" (Par. 20 of the Complaint). The Strumpf law firm denied that they ever received a telephone call or any documentation whatsoever from Ms. Mascoll in October of 2003. (See Hal Siegel Declaration ¶ 2, Linda Strumpf Declaration ¶ 5).

Nevertheless, it is undisputed that Ms. Mascoll was properly served with the summons and complaint in the state court action, and it is undisputed that Ms. Mascoll never answered or appeared in that action. Thus, thereafter, a valid judgment was entered by the Nassau County District Court against Ms. Mascoll on January 12, 2004 (See Exhibit D).

Thereafter, the Strumpf law firm legally restrained Ms. Mascoll's bank account at Nassau Educators Federal Credit Union. On or about May 4, 2004, Ms. Mascoll contacted Mr. Siegel of the Strumpf law firm for the first time, disputing the debt. However, to this date, Ms. Mascoll has never moved to vacate the judgment in Nassau County District Court, and the judgment still stands in that Court as valid.

2

## THE LAW

### Point I
### This Court Lacks Subject Matter Jurisdiction
### Pursuant to the *Rooker-Feldman* Doctrine,
### As Set Forth by the Second Circuit

A. <u>Plaintiff's Burden to Establish Subject Matter Jurisdiction</u>

"The burden of proving subject matter jurisdiction rests with the plaintiff." <u>Marakova v. United States</u>, 201 F. 3d 110, 113 (2nd Cir., 2000), see also <u>Malik v. Meissner</u>, 82 F. 3d 560,562 (2nd Cir., 1996). In determining whether the plaintiff has met its burden, "the court may look to evidence outside the pleadings." <u>APWU v. Potter</u>, 343 F.3d 619, 627 (2nd Cir., 2003) (court "has the power and obligation" to determine existence of subject matter jurisdiction "by reference to evidence outside the pleadings, such as affidavits"). "The consideration of materials extrinsic to the pleadings does not convert the motion into one for summary judgment." <u>Pieczenik v. Cambridge Antibody Tech. Grp.</u>, 2004 WL 111185000 at *2 (S.D.N.Y., 2004).

B. <u>The Applicability of the *Rooker-Feldman* Doctrine</u>

Ms. Mascoll admits that she was served with the summons and complaint in an action commenced in Nassau County District Court, First District (Par. 19 of the Complaint). She alleges she faxed documentation to defendant Hal Siegel; however, admits that she never appeared nor interposed an answer in the action, and clearly never received any notification from defendant Strumpf that the action was discontinued. She also admits that a default judgment was entered against her (Par. 22 of the Complaint). (See a true copy of the judgment entered in Nassau County District Court on January 12, 1004, Exhibit D).

3

Based on these facts alone, this action should be dismissed, pursuant to <u>Kropelnicki v. Siegel</u>, 290 F. 3d 118 (2nd Cir., 2002), which held that pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments.

> "Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See* <u>D.C. Court of Appeals v. Feldman,</u> 460 U.S. 462, 486-87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); <u>Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)</u>. The doctrine reflects the principle set forth in <u>28 U.S.C. § 1257</u> that the Supreme Court is the only federal court that has jurisdiction to review state court judgments, <u>ASARCO Inc. v. Kadish, 490 U.S. 605, 622, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989),</u> unless otherwise provided by Congress, *see, e.g.,* <u>28 U.S.C. § 2254</u> (habeas corpus review). This comity principle seeks to prevent "state and federal courts ... [from] fight[ing] each other for control of a particular case." <u>Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).</u>
>
> "In addition to claims that were actually litigated in state court, the *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over claims that are "inextricably intertwined" with state court determinations. <u>Feldman, 460 U.S. at 482-83 n. 16, 103 S.Ct. 1303</u>. A claim is inextricably intertwined under *Rooker-Feldman* when "at a minimum, ... a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), ... [and] the claim ... would be barred under the principles of preclusion." <u>Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 199-200 (2d Cir.1996)."</u>(@ 128).

Clearly, Mascoll "had an opportunity to litigate" this claim "in a state proceeding." She admits that she was properly served with the summons and complaint, and she neither appeared nor answered in that proceeding. She alleges that she sent documentation to the Strumpf law firm in support of her claim that the debt was "fraudulent" after she was

4

*validly served* with the summons and complaint (Par. 20 of the Complaint). However, the Strumpf law firm claims it never received any such documentation from her.

The Strumpf law firm had the right to proceed with its litigation. See <u>Heintz v. Jenkins</u>, 514 U.S. 291, 296, 115 S.Ct. 1489, 11491, 131 L.Ed. 2d 395 (1995), which held:

> "We agree with Heintz that it would be odd if the Act empowered a debt-owing consumer to stop the "communications" inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt."

Further, as in <u>Kropelnicki,</u> <u>supra</u>, Mascoll's claim is

> "is inextricably intertwined with the state court judgment in the underlying debt collection action because she had an opportunity to raise this claim on her motion to open the judgment in state court. This is so even accepting as true her claim that she was kept out of the state court action in the first instance by the defendants' misrepresentation to Licari that they would not advance the litigation without first contacting him. (<u>id.</u> @ 128-129).

Similarly herein, Ms. Mascoll had an opportunity to raise her claims in the state court action, of which she admittedly had ample notice. Further, if she alleges that she thought that her "contact" with the Strumpf law firm was sufficient, <u>Kropelnicki</u> held:

> "A litigant may not "rely on the deception of her opponents to demonstrate that she was not afforded a reasonable opportunity" to raise her claims. <u>Long v. Shorebank Dev. Corp.</u>, 182 F.3d 548, 559 (7th Cir.1999). Kropelnicki's claim regarding this misrepresentation sounds in fraud, yet we have "never recognized a blanket fraud exception to *Rooker-Feldman*." *Johnson v. Smithsonian Inst.,* <u>189 F.3d 180, 186-87 (2d Cir.1999)</u>. Instead, in order to demonstrate a lack of opportunity to present her claims in state court, Kropelnicki must show "some factor independent of the actions of the opposing party that precluded [her] from raising [her] federal claims." *Long,* 182 F.3d at 558. Kropelnicki has not identified any such factor." (<u>id.</u> @ 128-129).

Further, Ms. Mascoll does not even claim that the Strumpf law firm deceived her.

5

She merely alleges that "Defendants did not supply validation of the debt nor respond to plaintiff's documentation." (Complaint, Par. 21). Clearly and undisputedly, Ms. Mascoll had an opportunity to appear in the state court proceeding.

In this case, the Strumpf law firm sent Ms. Mascoll an initial demand letter in July of 2003, which contained the validation notice and gave Ms. Mascoll an opportunity to request "validation of the debt," in accordance with the 15 U.S.C. § 1692g of the FDCPA. She failed to do so, and a lawsuit was commenced approximately 2 months later. Clearly, there is no requirement that the Strumpf law firm cease proceeding on the state court lawsuit even if Ms. Mascoll had requested validation of the debt at that time (which the law firm denies).

As set forth in Bleich v. The Revenue Maximization Group, Inc., 233 F. Supp.2d 496, 500 (E.D.N.Y., 2002), Judge Wexler held that:

> "that the allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading practices' claim under the FDCPA." (@ 500)

In that case, the District Court held that the plaintiff therein had an opportunity to dispute the debt after receiving the validation notice in the initial communication from the defendant.

Further, the Kroplenicki Court goes on to set forth how a judgment may be vacated under Connecticut law four months from the date it was rendered. Of course, herein, this plaintiff had an opportunity to appear in this action prior to entry of the judgment and failed to do so. In fact, the judgment was not entered by the state court until January of 2004, providing plaintiff with three months to appear in the action.

The Second Circuit also held in Kropelnicki:

> "Moreover, if adjudication of a claim in federal court would

6

*require the* court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment. *See Jordahl v. Democratic Party*, 122 F.3d 192, 202 (4th Cir.1997). Were we to accept Kropelnicki's argument that the defendants misrepresented to Licari that they would take no further steps in the state court action without first contacting him, our ruling would effectively declare the state court judgment fraudulently procured and thus void. This is precisely the result that the *Rooker-Feldman* doctrine seeks to avoid: "The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998; *see also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995) ('*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.').

"Accordingly, we find Kropelnicki's claimed violation of the FDCPA on the basis of the defendant's alleged misrepresentation to Licari to be inextricably intertwined with the state court default judgment and the motion to vacate it. Since Kropelnicki had ample opportunity to raise this claim before the state court, we conclude that the *Rooker-Feldman* doctrine bars us from reviewing this claim." (Id., @ 129).

Similarly herein, Ms. Mascoll's claim that the underlying debt was invalid should have been raised in the state court action, and she had ample opportunity to do so.

### Point II
### The Statute of Limitations Under the FDCPA
### Expired in This Case

The Statute of Limitations for FDCPA violations is one year, in accordance with 15 U.S.C. § 1692k (d), which holds: "An action ... may be brought... within one year from the

7

date on which the violation occurs." This action was filed in this Court on February 3, 2005. As Ms. Mascoll admitted, she was served with the summons and complaint in the state court action in October of 2003 (Complaint, Par.19). Thus, at the very least, the statute of limitations expired in October of 2004, more than one year prior to the commencement of this action, in February of 2005.

In fact, in Prade v. Jackson & Kelly, 941 F. Supp. 596, 600 (N.D. W. Va., 1996), the District Court held:

> "The violation could have occurred, if at all, on the date the complaint was filed in state court; or, more likely, the violation could have occurred, if at all, on the date the plaintiffs received the notice of the complaint which supposedly violated the Act. Here, whichever date the violation is deemed to have occurred-- February 23, 1993, when the state court complaint was filed or April 15, 1993, the day service was effected upon Ms. Prade--plaintiffs' action was untimely filed. In other words, to be within the statute of limitations, the plaintiffs must have filed their federal cause of action under the Act on or before April 15, 1994." (@ 600).

In that case, the plaintiffs urged the Court to find that they were not aware of a violation of the Act until the default judgment was entered. However, the Court held that plaintiffs "were aware of a potential violation when they first became aware of the state court action." (@ 600).

Ms. Mascoll was served with the summons and complaint in October of 2003. As set forth on the affidavit of service (Exhibit ), the summons and complaint was filed in Nassau County District Court after service, on November 13, 2003. However, using either date, the statute of limitations expired prior to the commencement of this action herein in February of 2005.

See also Naas v. Stolman, 130 F.3d 892, 893 (9th Cir., 1997), which specifically held

8

that the filing of a complaint is the operative date as to when the statute of limitations begins to run. In Naas, the Court held that date was the collector's last opportunity to comply with the Act, and the filing date is easily ascertainable.

The issue in Naas was simply put by the Court as "at which point the statute of limitations begins to run when the alleged violation of the Act is the filing of a lawsuit." That is exactly the alleged violation which plaintiff is claiming herein. There is no other violation alleged by Ms. Mascoll against Strumpf and Siegel in this action. The Court clearly concludes that "Filing a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable."

Further, as Ms. Mascoll also admitted, the judgment here was entered against her on January 12, 2004 (See Exhibit D), also more than one year prior to the filing of this action in this Court. .

Thus, under any set of circumstances the FDCPA Statute of Limitations expired herein.

### Point III
### Ms. Mascoll's *General Business Law* Claims
### Should Also Be Dismissed

Defendants also allege that plaintiff's claim pursuant to the New York General Business Law should also be dismissed. Any violation of the General Business Law §§ 600-602 may only be brought by the attorney general or a district attorney. See General Business Law § 602 (2):

> "The attorney general or the district attorney of any county may bring an action in the name of the people of the state to

> restrain or prevent any violation of this article or any continuance of any such violation."

Further, case law supports this. See <u>Varela v. Investors Insurance Holding Corp.</u>, 81 N.Y.S.2d 958, 961, 615 N.E.2d 218, 598 N.Y.S.2d 761 (1993) held:

> "Insofar as plaintiffs rely upon article 29-H of the General Business Law, which regulates debt collection practices, their claim fails because the article does not create a private cause of action, but authorizes only the Attorney-General or a District Attorney to commence an action for violation of its provisions (*see*, <u>General Business Law § 602[2]</u> )."

Thus, Ms. Mascoll's only remaining claim is that brought pursuant to General Business Law § 349. An extended discussion of General Business Law § 349 is set forth in <u>Bildstein v. Mastercard International Incorporated</u>, 329 F. Supp. 410, 413 (S.D.N.Y., 2004). As set forth herein, a plaintiff must have suffered "actual injury" to recover under the statute. At the very least, Ms. Mascoll herein did not suffer "actual injury."

Additionally, if the FDCPA claim is dismissed, then pendent state claims should be dismissed for lack of jurisdiction. <u>Johnson v. NCB Collection Services</u>, <u>supra</u>, 799 F.Supp. 1298 (D. Conn., 1992):

> "It is axiomatic that when all federal claims are eliminated prior to trial, a court should decline to exercise jurisdiction over any remaining pendent state claims. [citing <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S.343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988); <u>United Mine Workers v. Gibbs</u> , 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d 218 (1966); <u>Albany Ins. Co. v. Esses</u>, 831 F.2d 41, 45 (2d Cir. 1987)."

Thus, Ms. Mascoll's state claims should also be dismissed.

10

## CONCLUSION

For the foregoing reasons, the Court should grant defendants Strumpf and Siegel's motion to dismiss the Complaint in it entirety with prejudice.

Dated: June 13, 2005

Respectfully Submitted,

_____
Linda Strumpf, Esq. (LS 2948)
Defendant Pro Se
Attorney for Defendant Hal Siegel
Post Office Address
and Telephone Number
111 John Street, - Suite 800
New York, NY 10038
Tel.: (212) 566-6800
Fax: (212) 566-6808

United States District Court
Eastern District of New York
------------------------------------------

Janet Mascoll

               Plaintiff             CV 05 667 (Townes, J., Bloom, M.J.)

   - against -                 DECLARATION OF SERVICE

Linda Strumpf, Esq., Hal Siegel
and Bank of America and
Subsidiaries

               Defendants
------------------------------------------

      Linda Strumpf, hereby declares, pursuant to 28 U.S.C. §1746, as follows:

      On June 14, 2005 deponent served the attached Notice of Motion with all supporting papers and Defendants' Strumpf and Siegel's Memorandum of Law in Opposition in Support of their Motion to Dismiss in the above-captioned matter by Overnight Mail on the Plaintiff Pro Se and upon the attorney for Bank of America at the following addresses:

Ms. Janet Mascoll
16 Thomas Street
Hempstead, New York 11550-2028

Barry Glickman, Esq.
Zeichner, Ellman & Kraus LLP
575 Lexington Avenue
New York, NY 10022

      I declare under the penalty of perjury that the foregoing is true and correct. Executed on June 14, 2005.

                                                      Linda Strumpf

1