UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JANET P. MASCOLL,

                      Plaintiff,                    **MEMORANDUM and ORDER**

  -against-                                      05-CV-667 (SLT)

LINDA STRUMPF, ESQ., HAL SIEGEL and
BANK OF AMERICA AND SUBSIDIARIES,

                      Defendants.
-----------------------------------------------------------------x

**TOWNES, United States District Judge:**

       Plaintiff, Janet P. Mascoll, brings this *pro se* action against Bank of America ("BOA"), certain unnamed BOA "subsidiaries," debt collector Linda Strumpf, Esq., and her employee and husband, Hal Siegel, alleging that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and New York General Business Law ("GBL") § 349 by persisting in attempts to collect a debt which BOA had previously determined was not actually owed. BOA now moves to dismiss plaintiff's claims against it on the ground that plaintiff has not yet served it with a summons and complaint. *See* Fed. R. Civ. P. 4(m) and 12(b)(5). For the reasons stated below, BOA's motion is denied.

## BACKGROUND

       On February 3, 2005, plaintiff commenced this action by filing a fee-paid, *pro se* complaint in this Court. On February 24, 2005, Magistrate Judge Lois Bloom issued an order which, *inter alia*, directed plaintiff to serve the summons and complaint upon the defendants by June 6, 2005. The order quoted Rule 4(m) of the Federal Rules of Civil Procedure and specifically advised plaintiff that if she failed to either serve defendants by June 6, 2005, or show cause why service could not be effected by that date, Judge Bloom would recommend dismissing the action without prejudice.

On June 3, 2005, plaintiff filed three affidavits, purporting to show that one Edith S. Johnson personally served the summons and complaint on Strumpf, Siegel and a Manhattan attorney, Barry Glickman, on May 25, 2005. BOA, represented by the aforementioned Barry Glickman, now moves to dismiss plaintiff's complaint as against it, arguing that Glickman was not authorized to accept service of process and that plaintiff, therefore, failed to properly serve BOA within 120 days of filing its complaint, as required by Fed. R. Civ. P. 4(m).

BOA admits that it had actual notice of this litigation, since a mailing containing a copy of plaintiff's summons and complaint was received by a BOA "location" in Charlotte, North Carolina, on or about February 10, 2005. Memorandum of Points and Authorities in Support of BOA's Motion to Dismiss ("BOA's Memo") at 4. Moreover, according to a date stamp on the copy of the summons attached as Exhibit A to Glickman's Declaration in support of BOA's motion, the summons was sent to the Legal Department at BOA's San Francisco headquarters, where it was received on February 15, 2005. BOA's Legal Department apparently referred the matter to Glickman, who had a telephone conversation with plaintiff on April 5, 2005.

In BOA's Memo, Glickman claims that he attempted to persuade plaintiff to dismiss the action against BOA and "emphasized to plaintiff that she had not served [BOA] in accordance with the service requirements of the Federal Rules of Civil Procedure." *Id.* at 5. Glickman claims that he also informed plaintiff that he was not authorized to accept service on behalf of BOA. *Id.* Plaintiff nevertheless served Glickman, delivering another copy of the summons and complaint to him on May 25, 2005. *Id.*

Glickman then sent plaintiff a letter, dated June 1, 2005, in which he again told plaintiff that she had failed to effect service on BOA, stating, "it is clear that delivery of the complaint to us does not constitute good service." *Id.*; Glickman Declaration, Ex. E. However, plaintiff made

2

no further attempts to serve BOA. Accordingly, BOA now argues that, since plaintiff failed to effect good service within 120 days of filing the complaint, Rule 4(m) of the Federal Rules of Civil Procedure mandates that this action be dismissed.

In response to this motion, plaintiff acknowledges that she bears the burden of proving that "service of process was performed correctly and legally." Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Dismissal and Summary Judgment ("Pl. Memo") at 4. In attempting to meet this burden, plaintiff asserts that service may be made upon a corporation "by certified mail at any of 'its usual places of business,'" *id*. at 3-4 (emphasis omitted), and that she properly served BOA by sending a copy of the summons and complaint, *via* certified mail, to 101 S. Tyron Street, Charlotte, North Carolina. *Id*. at 4. Plaintiff further alleges that BOA's "corporate center or principal place of business is located in Charlotte," and that she was told by an unspecified source that the Tyron Street address "housed the legal department." *Id*.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

As plaintiff acknowledges in her response to BOA's Motion, "[o]nce a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Darden v. DaimlerChrysler North Am. Holding Corp.*, 191 F. Supp. 2d 382, 387

3

(S.D.N.Y. 2002) (citing *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999)).

Plaintiff has not met that burden in this case. Service upon a domestic corporation, such as BOA, is effected:

> in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Alternatively, a plaintiff "may . . . request that the defendant waive service of a summons" by mailing a copy of the complaint and a request for waiver to a person on whom service could be made.

"It is well settled that 'service of process on an attorney not authorized to accept service for his client is ineffective.'" *Dorrough v. Harbor Securities, LLC*, No. 99 CV 7589 (ILG), 2002 WL 1467745, at *4 n. 6 (E.D.N.Y. May 10, 2002) (quoting *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990)). Glickman represents that he is not authorized to accept service on behalf of BOA, and plaintiff has not contested this representation. Rather, plaintiff asserts that service may be made upon a corporation "by certified mail at any of 'its usual places of business,'" Pl. Memo. at 3-4, and that she therefore effected good service upon BOA by mailing a copy of the summons and complaint to a BOA office in Charlotte, North Carolina.

Plaintiff is mistaken. Neither Rule 4(h)(1) nor 4(e)(1) authorizes service upon corporations in the manner plaintiff suggests. Moreover, this Court does not construe plaintiff's

4

North Carolina mailing to constitute an attempt to solicit a waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. BOA claims that plaintiff's mailing did not include the written request required under Rule 4(d)(2), and plaintiff does not allege otherwise. In addition, there is nothing to suggest that plaintiff addressed the mailing to a person on whom service was authorized under Rule 4(h)(1) or Rule 4(e)(1). Therefore, plaintiff has not proved that she has properly served BOA, or that she has complied with the dictates of Rule 4(m).

Plaintiff also has not demonstrated "good cause" for her failure to serve BOA within 120 days of filing her complaint. "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). "[N]eglect and inadvertence do not suffice to support good cause." *Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006). Similarly, "a mistaken belief that service was proper does not constitute good cause," *id.* (citing *Point-Dujour v. U.S. Postal Svc.*, No. 02 Civ. 6840 (JCF), 2003 WL 1745290, at 2 (S.D.N.Y. Mar 31, 2003)), even if the plaintiff is proceeding *pro se*. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") Therefore, while plaintiff may have harbored a good faith, but mistaken, belief that service could be made upon a corporation "by certified mail at any of 'its usual places of business,'" Pl. Memo. at 3-4, that mistake does not constitute "good cause."

Plaintiff's failure to demonstrate "good cause," however, does not mandate dismissal. Although some courts in this Circuit have held that "dismissal is mandatory if a defendant is not

served within 120 days, unless the plaintiff can show good cause for delay," *Howard*, 977 F. Supp. at 658 (quoting *Nat'l Union Fire Ins*, 1994 WL 463009, at *2); *see also Virgona v. Tufekian Import-Export Ventures, Inc.*, No. 03 Civ. 10237 (KNF), 2005 WL 324364, at *1 (S.D.N.Y. Feb. 9, 2005) (quoting *McKibben v. Credit Lyonnais*, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *2 (S.D.N.Y. Aug. 10, 1999)), these holdings are based on cases decided before the 1993 amendments to the Federal Rules of Civil Procedure. *See Beauvoir v. U.S. Secret Svc.*, 234 F.R.D. 55, 57 (E.D.N.Y. 2006). As discussed at length in *Beauvoir*, the 120-day rule was formerly contained in Rule 4(j), which stated:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The Second Circuit repeatedly held that dismissal of an action was mandatory under Rule 4(j) when the 120 day limit was violated, absent a showing of "good cause." *See Zankel v. United States*, 921 F.2d 432, 436 (2d Cir. 1990) (quoting *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir. 1989), *cert. denied*, 494 U.S. 1028 (1990)); *see also Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993); *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990).

When the Federal Rules of Civil Procedure were amended in 1993, the above-quoted provisions of Rule 4(j) were replaced with the more liberal provisions of Rule 4(m). The Advisory Committee Notes to Rule 4(m) state:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court

> to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*

28 U.S.C. App. 654 (emphasis added). Quoting these Advisory Committee Notes, the Supreme Court held that the 1993 amendments accorded district courts "discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996).

This Court, therefore, has discretion to extend the deadline for effecting service. The factors to be considered in deciding whether to grant this relief are : "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Carroll v. Certified Moving & Storage Co.,* No. 04 CV 4446 (ARR), 2005 WL 1711184 , at *2 (E.D.N.Y. July 19, 2005) (quoting *Eastern Refractories*, 187 F.R.D. at 506).

With respect to the first factor, "[c]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Id.* (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000)). Indeed, this factor alone may be sufficient to justify extending the time for service. *See* Advisory Committee Notes to Rule 4(m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .").

Plaintiff's complaint, filed in February 2005, principally alleges violations of the FDCPA, which contains a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). If this Court were to dismiss the instant complaint without prejudice at this juncture – more than a year

7

after it was filed – this statute of limitations would bar plaintiff from re-filing her FDCPA claims. Thus, the first factor militates in favor of extending plaintiff's deadline for effecting service.

BOA would not be prejudiced by this extension of time. Although plaintiff may have yet to effect good service upon BOA, BOA had actual notice of this action almost from its inception. BOA admits that one of its offices in North Carolina received a copy of plaintiff's summons and complaint in the mail on or about February 10, 2005 – one week after this action was filed. *See* BOA's Memo at 4. The summons and complaint was evidently forwarded to BOA's San Francisco headquarters; a date stamp on the summons attached as an exhibit to Glickman's Declaration in support of BOA's motion indicates that BOA's Legal Department received the summons on February 15, 2005. By April 5, 2005, BOA had already referred the matter to outside counsel, who was apparently familiar enough with the facts to discuss them with plaintiff and to attempt to persuade her to dismiss the action against BOA. *Id.* at 5. Thus, BOA would not be prejudiced if this Court were to extend the time for service.

Although BOA's counsel not only made no attempt to conceal the defects in service, but allegedly "emphasized to plaintiff that she had not served [BOA] in accordance with the service requirements of the Federal Rules of Civil Procedure," *id.*, this factor alone does not persuade this Court to dismiss this action. This Court has an "obligation . . . to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). The fact that plaintiff, after her conversation with Glickman, made a second, misguided attempt to serve BOA suggests that plaintiff's failure to effect good service is due to lack of legal training, not negligence or lack of effort.

## **CONCLUSION**

Accordingly, BOA's motion to dismiss the complaint is denied, and plaintiff's time to serve defendant BOA is extended to September 29, 2006. Plaintiff is advised that her failure to serve BOA on or before that date will result in dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 4(m). If plaintiff has procedural questions relating to service of process, she may address those questions to the Pro Se Office at the Brooklyn Courthouse.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
August 25, 2006