UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JANET P. MASCOLL,

                            Plaintiff,                    **MEMORANDUM and ORDER**

  -against-                                                    05-CV-667 (SLT)

LINDA STRUMPF, ESQ., HAL SIEGEL and
BANK OF AMERICA AND SUBSIDIARIES,

                            Defendants.
-----------------------------------------------------------------x
**TOWNES, United States District Judge:**

        In February 2005, plaintiff Janet P. Mascoll commenced this *pro se* action against Bank of America and certain unnamed "subsidiaries" (collectively, "BOA"), debt collector Linda Strumpf, Esq., and her employee and husband, Hal Siegel, alleging that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and New York General Business Law ("GBL") § 349 by persisting in attempts to collect a debt which BOA had previously determined was not actually owed.[1] In December 2005, defendant BOA moved to dismiss plaintiff's claims against it pursuant to Rule 4(m) of the Federal Rules of Civil Procedure on the ground that plaintiff failed to effect good service on BOA within 120 days of filing the complaint. By order dated August 25, 2006, this Court denied that motion and extended plaintiff's time to serve BOA to September 29, 2006, but warned plaintiff "that her failure to serve BOA on or before that date [would] result in dismissal of this action without prejudice ...." *Mascoll v. Strumpf*, No. 05-CV-667 (SLT), slip op. at 9 (E.D.N.Y. Aug. 25, 2006).

        Plaintiff has still not served BOA. Accordingly, FIA Card Services, N.A. – the successor

---

[1] Defendants Strumpf and Siegel reached a settlement with plaintiff on January 14, 2009, and plaintiff's actions against these defendants have been discontinued. *See* Order of Discontinuance, executed herewith.

in interest to BOA – now renews the motion to dismiss the claims against BOA without prejudice pursuant to Rule 4(m). For the reasons set forth below, this motion is granted and plaintiff's claims against BOA are dismissed without prejudice.

*BACKGROUND*

The early history of plaintiff's attempts to serve BOA with process in this action is described in detail in this Court's Memorandum and Order dated August 25, 2006 (the "Prior Memorandum and Order"). Although familiarity with the Prior Memorandum and Order is assumed, this Court will recount the salient portions of this history for the convenience of the reader.

Plaintiff commenced this action On February 3, 2005, by filing a fee-paid, *pro se* complaint in this Court. On February 24, 2005, Magistrate Judge Lois Bloom issued an order which, *inter alia*, directed plaintiff to serve the summons and complaint upon the defendants by June 6, 2005. The order quoted Rule 4(m) of the Federal Rules of Civil Procedure and specifically advised plaintiff that if she failed to either serve defendants by June 6, 2005, or show cause why service could not be effected by that date, Magistrate Judge Bloom would recommend that this Court dismiss the action without prejudice.

On May 25, 2005, one Edith S. Johnson personally served a copy of plaintiff's complaint and a summons on Barry Glickman, a Manhattan attorney who represented BOA. In April 2005, Glickman had a telephone conversation with plaintiff, in which he advised plaintiff that he was not authorized to accept service on behalf of BOA and "emphasized to plaintiff that she had not served [BOA] in accordance with the service requirements of the Federal Rules of Civil Procedure." Prior Memorandum and Order at 2. Despite this conversation, plaintiff served

Glickman with another copy of the summons and complaint in late May 2005. *Id.*

On June 1, 2005, Glickman sent plaintiff a letter in which he again informed plaintiff that she had yet to effect service on BOA, stating, "it is clear that delivery of the complaint to us does not constitute good service." Declaration of Barry J. Glickman dated Dec. 21, 2005, Ex. E. However, plaintiff made no further attempts to serve BOA. Accordingly, in December 2005, BOA moved to dismiss plaintiff's claims against it, arguing that plaintiff had failed to effect good service within 120 days of filing the complaint and that Rule 4(m) mandated that this action be dismissed.

This Court denied that motion in the Prior Memorandum and Order and extended plaintiff's time to serve BOA to September 29, 2006. Although this Court held that plaintiff had not demonstrated good cause for her failure to serve process on BOA within 120 days of filing the complaint, this Court nonetheless exercised its discretion to extend plaintiff's time to serve BOA. In so doing, this Court was principally motivated by the realization that the one-year statute of limitations applicable to plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim against defendant BOA might bar plaintiff from re-filing this action if it were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Nonetheless, this Court warned plaintiff that it would dismiss her claims against BOA unless plaintiff served BOA on or before September 29, 2006. Prior Memorandum and Order at 9. To facilitate that service, this Court described the manner in which plaintiff could serve a corporation, *id.* at 4, and advised plaintiff to contact the Pro Se Office at the Brooklyn Courthouse if she had any procedural questions. *Id.* at 9.

Sometime during the month after this Court issued the Prior Memorandum and Order, plaintiff contacted the Pro Se Office. In her Opposition Memorandum of Points and Authorities,

filed May 7, 2007 (the "Opposition Memo"), plaintiff implies that the Pro Se Office advised her that she could "either us[e] a process server or obtain[] a formal waiver from defendants' registered agent." *Id*. at 4. In addition, at a February 15, 2007, conference before Magistrate Judge Lois Bloom, plaintiff stated that the Pro Se Office had supplied her with a "waiver of service form." Transcript of Feb. 15, 2007, Conference at 4.

On September 20, 2006, plaintiff mailed two copies of the waiver form, along with the summons and complaint, to CT Corporation Systems – BOA's registered agent in North Carolina. Opposition Memo at 4, Ex. IV. However, plaintiff never received an executed copy of the waiver. Although plaintiff claims she also consulted the North Carolina Secretary of State's website, plaintiff elected not to attempt service through the Secretary of State because "there was no guarantee ... that they would be able to deliver the service by [September] 29th." Transcript of Feb. 15, 2007, Conference at 6. Plaintiff never requested an extension of time to effect service.

A few weeks after the February 15, 2007, conference – at which plaintiff described her efforts to serve BOA – Magistrate Judge Bloom granted BOA's application to renew its motion to dismiss. In April 2007, BOA's successor – FIA Card Services, N.A. – filed the instant motion pursuant to Fed. R. Civ. P. 4(h) and 4(m), which raises the same issues as BOA's first motion to dismiss. In response, plaintiff argues that there is "good cause" for extending her time to serve, because she "used reasonable efforts to effectuate proper service" and "reasonably waited for a response from CT Corporation." Opposition Memo at 5, 6. In addition, plaintiff notes that this Court can exercise its discretion to extend the time for service even in the absence of good cause, and urges the Court to follow the very same analysis which it used in its Prior Memorandum and Order.

4

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under this provision, plaintiff bears the burden of proving that there was good cause for failing to timely serve a defendant. *Carroll v. Certified Moving & Storage Co.*, No. 04 CV 4446 (ARR), 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 1005) (citing *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)). In determining whether a plaintiff has met this burden, "courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *Id*. In particular, courts "should look at whether the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under [Rule] 6(b) for an extension of time in which to serve the defendant." *Hutchinson v. N.Y. State Correctional Officers*, No. 02 Civ. 2407 (CBM), 2003 WL 22056997, at *10 (S.D.N.Y. Sept. 4, 2003) (internal quotations and citations omitted).

In this case, plaintiff has not met her burden of establishing good cause. Although plaintiff asserts that she "used reasonable efforts to effectuate proper service," Opposition Memo at 5, those efforts have been fairly minimal. Indeed, the only concrete effort that plaintiff has made to serve BOA in the two and one-half years since this Court issued its Prior Memorandum and Order has been to solicit a waiver of service from CT Corporation System – BOA's registered agent for service of process in North Carolina. Since BOA had previously moved to

dismiss this action pursuant to Rule 4(m), this tactic was very unlikely to succeed. Accordingly, it was unreasonable for plaintiff to merely "wait[] for a response from CT Corporation," without making any other efforts to effect service.

At her February 15, 2007, conference before Magistrate Judge Bloom, plaintiff claimed that she had researched the possibility of serving BOA through the North Carolina Secretary of State, but had not done so simply because "there was no guarantee ... that they would be able to deliver the service by [September] 29th." Transcript of Feb. 15, 2007, Conference at 6. It is unclear whether, under North Carolina law, substitute service on the Secretary of State could have been effected in this case, since plaintiff never attempted to personally serve BOA or its registered agent. N.C. Gen. Stat. § 55D-33(b) (Secretary of State becomes an agent for service of process only when an entity fails to appoint or maintain a registered agent, when the registered agent cannot with due diligence be found, or when the Secretary of State revokes the entity's authorization to transact business in the State); *see Interior Distribs., Inc. v. Hartland Constr. Co.*, 449 S.E.2d 193, 195-96 (N.C. Ct. App. 1994) (substitute service on Secretary of State is ineffective when plaintiff, using due diligence, should have been able to properly serve process on a defendant). However, even assuming that this form of substitute service was an option available to plaintiff, service would have been "effective for all purposes from ... the date of the service on the Secretary of State." N.C. Gen. Stat. § 55D-33(b). Accordingly, even if this Court were to credit plaintiff's claim that she explored the option of serving BOA through the North Carolina Secretary of State, it could not find that she made a diligent effort to serve BOA in this manner.

Plaintiff's only excuse for failing to make any additional efforts to serve BOA is that this Court's deadline for serving BOA passed while she was waiting for CT Corporation to respond

to her request for waiver of service. Plaintiff, however, could have requested a further extension of time to serve BOA pursuant to Fed. R. Civ. P. 6(b). Indeed, in light of the Prior Memorandum and Order, in which this Court extended plaintiff's time to serve BOA despite a lack of "good cause" for the delay and took pains to explain how to effect service on a corporation, plaintiff had every reason to expect that this Court would grant a Rule 6(b) request. Yet, plaintiff did not request an extension of time and made no further attempts to serve BOA.

Plaintiff correctly notes that, despite her failure to establish "good cause," this Court has discretion to further extend plaintiff's time to serve BOA. In arguing that this Court should do so, plaintiff refers to the same four factors weighed by this Court in previously deciding to extend plaintiff's time to serve,[2] and urges this Court to use the exact same analysis it used in its Prior Memorandum and Order. Specifically, plaintiff notes that the applicable statutes of limitations would still bar a re-filed action; that BOA had actual notice of the litigation before the Prior Memorandum and Order was issued; and that BOA has "never claimed any prejudice caused by a delay in the action." Opposition Memo at 8.

To be sure, this Court found this analysis persuasive in its Prior Memorandum and Order. However, with the passage of time, this analysis has become less compelling. A discretionary extension of the time to serve a defendant "is not mandated in every case where the statute of limitations issue is raised by the plaintiff." *Hutchinson v. N.Y. State Correctional Officers*, No.

---

[2]Those factors are: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Carroll v. Certified Moving & Storage Co.,* No. 04 CV 4446 (ARR), 2005 WL 1711184 , at *2 (E.D.N.Y. July 19, 2005) (quoting *Eastern Refractories*, 187 F.R.D. at 506).

2003 WL 22056997, at *11. To the contrary, "where a party fails to take any affirmative step to serve its adversary, courts should refrain from granting that party more time to effect service." *Id.* (quoting *Point-Dejour v. U.S. Postal Serv.*, No. 02 Civ. 6840 (JCF), 2003 WL 1745290, at *3 (S.D.N.Y. Mar. 31, 2003)).

As noted above, plaintiff has failed to make a diligent effort to serve BOA in this case. As a result, plaintiff's claims against BOA have languished for years, with a concomitant increase in prejudice to BOA and its successor in interest. Plaintiff cannot rely on the same factor analysis indefinitely, especially since she has not made any effort to serve BOA since September 2006. Therefore, despite the fact that the statute of limitation has run on plaintiff's FDCPA claims against BOA, and that dismissal without prejudice pursuant to Rule 4(m) might extinguish potentially meritorious claims, this Court, in its discretion, declines to grant plaintiff a further extension of time to serve BOA.

## *CONCLUSION*

For the reasons stated above, FIA Card Services' motion to dismiss without prejudice the claims against its predecessor, defendant Bank of America, and its subsidiaries is granted. *See* Fed. R. Civ. P. 4(m). Defendant BOA and its subsidiaries are dismissed from this action. Since plaintiff's action against defendants Strumpf and Siegel has been discontinued, see Order of Discontinuance (issued herewith), the Clerk of Court is directed to close this case.

**SO ORDERED.**

                                           S/
                                 SANDRA L. TOWNES
                                 United States District Judge

Dated: March 31, 2009
       Brooklyn, New York